Office of the United States Trustee
1100 Commerce Street, Room 976
Dallas, Texas   75242
(214) 767-8967

Meredyth A. Kippes
For the United States Trustee
meredyth.kippes@usdoj.gov

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| **Sloan Ventures, LLC,** | § | Case No.      **25-34622-mvl-11** |
| | § | |
| | § | **Hearing:      To be set** |
| **Debtor-in-Possession.** | § | |

### United States Trustee's Motion to Dismiss under 11 U.S.C. § 1112(b) with Prejudice to Refiling for 180 Days

TO THE HONORABLE MICHELLE V. LARSON
UNITED STATES BANKRUPTCY JUDGE:

The United States Trustee for Region 6 moves to dismiss this case under 11 U.S.C. § 1112(b) with prejudice to refiling for 180 days.  The United States Trustee would show:

### Summary

Cause exists to dismiss this case because the Debtor's insurance is insufficient to cover its property.  The Debtor's insurance proof for real property located at 8795 Lakeview Dr. in Kingston, Oklahoma (the "Lakeview Property") appears to be in an insufficient amount to cover the full value of the property.  Additionally, at the section 341 meeting of creditors, the Debtor's principal testified that the Debtor also owns unscheduled assets, including a trailer park located at 8199 Eagle Ridge Road in Kingston, Oklahoma (the "Eagle Ridge Property"), RVs and trailers located at the Eagle Ridge Road Property and a tractor or tractors.  The lender secured force-placed

**United States Trustee's Motion to Dismiss – Page 1 of 13**

hazard insurance on both the Lakeview Property and the Eagle Ridge Property, which is insufficient insurance to cover the estate for property and liability losses. The Debtor has provided no proof of insurance for the RVs and trailers located at the Eagle Ridge Road Property and a tractor or tractors. Further, this is the fifth bankruptcy case filed by an entity controlled by the Debtor's principal, Garrett Johnson, most of which lacked sufficient insurance. Accordingly, because the Debtor has failed to provide sufficient proof of insurance and because of the Debtor's principal's history of filing cases without sufficient insurance, cause exists to dismiss this case with prejudice to refiling for 180 days.

### Jurisdiction

This Court has subject matter jurisdiction under 28 U.S.C. § 1334, 28 U.S.C. § 157(a), and the standing order of reference. A motion to dismiss is a core matter. 28 U.S.C. § 157(b)(2)(A),(O).

### Factual and Procedural History

1.      Sloan Ventures, LLC, ("Debtor") filed a voluntary chapter 11 petition on November 20, 2025, commencing this chapter 11 proceeding.

2.      The Debtor is an LLC owned by Garrett Johnson.

### Schedules and Statement of Financial Affairs

3.      The Debtor's Schedule A/B (Docket Entry No. 9) reflects that the debtor owns the Lakeview Property valued at $5,008,000.00.

4.      No other assets are listed on the Debtor's Schedule A/B.

5.      The Debtor lists a $3,500,000.00 secured debt to American National Bank on Schedule D.

6.      The Debtor lists a $25,000.00 general unsecured debt to Michael Linscott on Schedule E/F.

7.      No executory contractors or unexpired leases are listed on Schedule G.

8.      Mr. Johnson is listed as a co-debtor to American National Bank on Schedule H.

9. The Debtor's Statement of Financial Affairs ("SOFA") discloses no information except the following:

26b. List all firms or individuals who have audited, compiled, or reviewed debtor's books of account and records or prepared a financial statement within 2 years before filing this case.

☐ None

| Name and address | Dates of service |
|---|---|
| 26b.1. Garrett Johnson<br>Name<br>3536 Rosedale Ave<br>Street<br><br>Dallas, TX 75205<br>City        State        ZIP Code | From **2020** To **Current** |

26c. List all firms or individuals who were in possession of the debtor's books of account and records when this case is filed.

☐ None

| Name and address | If any books of account and records are unavailable, explain why |
|---|---|
| 26c.1.<br>Garrett Johnson<br>Name<br>3536 Rosedale Ave<br>Street<br><br>Dallas, TX 75205<br>City        State        ZIP Code | |

## The Section 341 Meeting of Creditors

10. At the section 341 meeting of creditors held on December 29, 2025, the Debtor's principal, Garrett Johnson, testified that the Debtor owns the unscheduled Eagle Ridge Property, which is a trailer park. Mr. Johnson testified that the Debtor's secured lender, American National Bank & Trust ("ANBT"), is operating and/or collecting rents at the trailer park such that he has limited access to information. Mr. Johnson testified that tenants were on month-to-month leases.

11. Mr. Johnson further testified that the Debtor owns approximately 23 unscheduled RVs and trailers located at the Eagle Ridge Property and an unscheduled tractor or tractors. Mr. Johnson testified that some of the unscheduled RVs and trailers may be in disrepair.

12. Mr. Johnson further testified that the Debtor has claims against a former attorney for embezzlement.

**United States Trustee's Motion to Dismiss – Page 3 of 13**

13.    After the section 341 meeting, counsel for the United States Trustee requested that the Debtor do the following:

    a.   Provide proof of liability insurance on the Eagle Ridge Property to the United States Trustee by January 5, 2026 at noon;

    b.   Amend the Debtor's Schedule A/B to include the unscheduled Eagle Ridge Property and the unscheduled RVs and trailers by January 16, 2026; and

    c.   Amend the Debtor's Schedule A/B to include the claims against the former attorney held by the Debtor by January 16, 2026;

    d.   Amend the SOFA to disclose any revenues from the operation of the trailer park, the judicial foreclosure lawsuits by American National Bank & Trust ("ANBT") with regard to the Lakeview Property and the Eagle Ridge Property, and any other information that should be included on the SOFA by January 16, 2026.

**ANBT Lift Stay Motion**

14.    On December 31, 2025 ANBT filed its Motion for Relief from the Automatic Stay Against Property (the "ANBT Lift Stay Motion," Docket Entry No. 13) seeking relief from the stay to foreclosed on the Lakeview Property and on the Eagle Ridge Property.

15.    The ANBT Lift Stay Motion asserts that ANBT pursued judicial foreclosure of the Lakeview Property, cause number CJ-2024-79, in the District Court of Marshall County, Oklahoma.

16.    The ANBT Lift Stay Motion asserts that ANBT pursued judicial foreclosure of the Eagle Ridge Property, cause number CJ-2024-78, in the District Court of Marshall County, Oklahoma.

17.    The ANBT Lift Stay Motion is set for preliminary hearing on January 27, 2026 at 1:30 pm before this Court.

**[This space left blank intentionally.]**

**Insurance Proof**

**The Lakeview Property**

18.     On November 21, 2025, counsel for the United States Trustee requested property and liability insurance for the Lakeview Property.[1]

19.     On Monday, November 24, 2025, counsel for the United States Trustee made a second request for proof of insurance on the Lakeview Property.  Noting that there had been insurance issues in the Jett Holdings and Marina Del Rey chapter 11 cases, given that history, the United States Trustee gave the Debtor until noon on December 1, 2025 to deliver proof of property and liability insurance on the Lakeview Property.

20.     On December 1, 2025 at 12:05 pm, counsel for the United States Trustee sent a follow up email noting that no insurance proof had been provided to the Office of the United States Trustee and inquired as to status of the insurance.

21.     On December 4, 2025, counsel for the United States Trustee sent another follow up regarding the proof of insurance and indicated that a motion to dismiss would be filed the following week if the proof were not provided by noon on December 8, 2025.

22.     On December 10, 2025, the Debtor provided the United States Trustee with an insurance binder receipt relating to the Lakeview Property with an effective date of December 9, 2025 (the "First Insurance Binder Receipt").  The First Insurance Binder Receipt provides that "State Farm will provide coverage to the applicant and his or her legal representative on the property described for up to ninety (90) days from the Effective Date."  Ninety days from December 9, 2025 is March 9, 2026.

---

[1] The United States Trustee did not request proof of insurance on the Eagle Ridge Property, the RVs and trailers, and the tractor or tractors at this time because the existence of those asset became know at the section 341 meeting on December 29, 2025.

23.     On January 14, 2026, the Debtor provided the United States Trustee with a second insurance binder receipt relating to the Lakeview Property with an effective date of January 13, 2026 (the "Second Insurance Binder Receipt").  The Second Insurance Binder Receipt provides that "State Farm will provide coverage to the applicant and his or her legal representative on the property described for up to ninety (90) days from the Effective Date."  Ninety days from January 13, 2026 is April 13, 2026.

24.     Both insurance binder receipts reflect a coverage amount of $3,000,000.00.

**Unscheduled Assets**

25.     The Debtor failed to provide proof of liability insurance on the Eagle Ridge Property by the January 5, 2026 deadline.

26.     On January 8, 2026, counsel for the United States Trustee sent an email following up on liability insurance on the Eagle Ridge Property and requesting that property and liability insurance be provided by January 12, 2026 at noon.

27.     On January 12, 2026 at 12:22 p.m., the Debtor provided to the United States Trustee proof of force-place hazard insurance on both the Lakeview Property and the Eagle Ridge Property which was secured by ANBT.

28.     The Debtor has provided no proof of insurance to the United States Trustee for the unscheduled approximately 23 RVs or trailer.

29.     The Debtor has provided no proof of insurance to the United States Trustee for the unscheduled tractor or tractors.

**Prior Bankruptcy Filings by Entities Owned by Garrett Johnson**

30.     At least four prior chapter 11 cases have been filed by entities owned by Garrett Johnson.

31.     *In re Jett Holdings, LLC*, Case No. 24-33612-SWE-11 ("Jett Holdings I") was filed on November 6, 2024.  Mr. Johnson signed the petition on behalf of Jett Holdings, LLC ("Jett Holdings").  The United States Trustee's filed a motion to dismiss or convert the case (Jett Holdings Dkt. Nos. 35 and 36) asserting that Jett Holdings failed to do the following:  (1) provide the United States Trustee with 2021 tax return; (2) provide the United States Trustee with sufficient proof insurance for its four real properties; (3) provide the United States Trustee with current rent rolls for the real properties; (4) provide the United States Trustee with list of current and pending legal proceedings involving Debtor and/or Debtor's Member (Mr. Garrett Johnson); (5) file motion to employ Adam Baruch of Blocks Private Lending; (6) pay $250.00 in United States Trustee quarterly fees for Q4 2024; and (7) file monthly operating report for February 2025.  An agreed order (Jett Holdings I Dkt. No. 42) dismissing the Jett Holdings case with prejudice to refiling for 180 days was entered on April 10, 2025.

32.     *In re American Select Partners, LLC*, Case No. 25-31861-SGJ-7 ("American Select") was filed on May 11, 2025.  Garrett Johnson signed the petition on behalf of American Select.  Chapter 7 Trustee Daniel Sherman filed a no asset report on August 20, 2025.  An appeal by American Select is pending with regard to an order granting relief from the automatic stay (American Select Dkt. No. 25) permitting Texas Republic Bank, N.A. "to take the steps necessary to continue its collection activities against the real property owned by Jett Holdings, LLC in the Sale Proceedings, which may include taking all steps necessary to set a hearing and provide the requisite notice thereof for the Motion to Confirm Sale in the Sale proceedings, Case No. CJ-2024-04 pending in the District Court of Marshall County, Oklahoma, on the parcel of real estate more commonly known as 8641 Lake View, Kingston, OK 73439 ('Tract C') and to conduct such hearing and close the sale of Tract C, and to set a Sheriff's Sale and provide the requisite notice thereof in the Sale

Proceedings on the remaining parcels of real estate securing Movant's Note ('Tract A, Tract B and Tract D') and to conduct such Sheriff's Sale and to close any sales arising from such Sheriff's Sale and to take any and all other steps necessary to foreclose Movant's security interest in the Properties pursuant to Movant's Mortgage, and to proceed to collect all indebtedness owed to Movant from non-debtor persons and entities, but not against the Debtor, American Select Partners, LLC."

33.    *In re Marina Del Rey, LLC*, Case No. 25-30909-SGJ-11 ("Marina Del Rey") was filed on March 17, 2025.  On March 24, 2025, the United States Trustee filed a motion to dismiss the Marina Del Rey case (Marina Del Rey Dkt. No. 18) because Marina Del Rey's lease of a marina on Lake Texoma and insurance policies had lapsed.  Marina Del Rey's secured lender had obtained a state court receiver that was operating the marina prepetition. Although the state court receiver had obtained some general liability insurance, that insurance was insufficient to cover losses to the estate.  On April 4, 2025 the Court entered an order dismissing the Marina Del Rey case with prejudice to refiling "until a hearing is held in Marshall County District Court, Oklahoma, in Case No. CJ-25-17 with respect to the Order Granting Motion for Ex Parte Appointment of Receiver entered March 5, 2025." (Marina Del Rey Dkt. No. 47).

34.    *Jett Holdings, LLC,* Case No. 25-33993-MVL-7 ("Jett Holdings II") was filed on October 10, 2025.  Garrett Johnson signed the petition on behalf of Jett Holdings.  Jett Holdings II is the second bankruptcy case filed by Jett Holdings.  Trustee Areya Holder Aurzada continues to administer the Jett Holdings II case.  Texas Republic Bank, N.A. ("TRB") filed a motion for relief from the automatic stay (Jett Holdings II Dkt. 16) describing how the multiple filings of Jett Holdings and American Select have interfered with TRB's ability to execute on its May 8, 2024 foreclosure judgment against Jett Holdings in in cause number CJ-2024-04, in the District Court

of Marshall County, Oklahoma and requesting that the automatic stay be terminated.  The Trustee

Aurzada and TRB have entered into a stipulation extending the deadline by which Trustee Aurzada

must respond through and including February 13, 2026.

## Legal Analysis

### General discussion of burdens when dismissal is sought

35.     Under section 1112(b), the Court "shall convert a case under this chapter to a case under

chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and

the estate, if the movant establishes cause. 11 U.S.C. §1112(b)(1).

### Failure to Maintain Adequate Insurance

36.     Cause exists for dismissal when a debtor fails "to maintain appropriate insurance that poses

a risk either to the estate or to the public." 11 U.S.C. § 1112(b)(4)(C).   The Supreme Court has

held that the estate may be liable for any damages resulting from a receiver's negligence.  *Reading

Co. v. Brown,* 391 U.S. 471, 481 (1968).  While *Reading Co. v. Brown* was decided under the old

Bankruptcy Act, the Fifth Circuit has more recently cited to this case to support the principle that

the estate may be liable for administrative costs incurred through a trustee's failure to act.  *See,

e.g., Texas v. Lowe (In re HLS Energy Co.)*, 151 F.3d 434 (5th Cir. 1998) (bankruptcy estate liable

for costs state incurred when trustee did not plug wells).

37.     Local Bankruptcy Rule 2020-1 provides:

> The United States Trustee may from time to time publish and file with the Bankruptcy
> Clerk guidelines on matters such as insurance, operating reports, bank accounts and money
> of estates and other subjects pertaining to the administration of chapter 11 cases. Failure to
> comply with the requirements of these guidelines may constitute cause justifying the
> appointment of a trustee, or dismissal or conversion of the case pursuant to 11 U.S.C. §
> 1112(b).

Local Bankruptcy Rule 2020-1.

38.     The United States Trustee's *Guidelines for Chapter 11 Cases Northern & Eastern Districts*

**United States Trustee's Motion to Dismiss – Page 9 of 13**

*of Texas Region VI* ("*Guidelines*")[2] requires debtors to maintain appropriate insurance. *Guidelines § VII.*

39. The Debtor does not maintain property or general liability insurance on the Eagle Ridge Property, the RVs or trailers located at the Eagle Ridge Property, or the tractor or tractors owned by the Debtor. This failure to maintain insurance is especially concerning given that there are residents at the trailer park. The Debtor faces exposure from liabilities that could arise due to accident, personal injury, damage, theft or vandalism, and which exposure subjects the estate to potentially significant risk and losses. ANBT's operation of and/or collection of rents relating to the Eagle Ridge Property does not excuse the Debtor of the duty to maintain property and liability insurance on the Eagle Ridge Property, the RVs or trailers located at the Eagle Ridge Property, and the tractor or tractors.

40. Further, the insurance proof on the Lakeview Property is for coverage of approximately $2,000,000.00 less than the value assigned to the Lakeview Property on the Debtor's Schedule A/B. Accordingly, the Lakeview Property may be under-insured. Additionally, the insurance proof on the Lakeview Property only extends for a period of 90 days, which, at the latest, would be April 13, 2026.

**Failure to Cooperate with the United States Trustee**

41. Cause exists for dismissal when a debtor fails to satisfy timely any reporting requirements or fails to provide information reasonably requested by the United States Trustee. 11 U.S.C. § 1112(b)(4)(F), (H).

42. While it is early days in this case, the Debtor has failed to produce adequate insurance proof to the United States Trustee after repeated requests. This is in part due to ANBT's purported

---

[2] The *Guidelines* may be accessed at https://www.justice.gov/usdoj-media/ust/media/1337916/dl?inline

**United States Trustee's Motion to Dismiss – Page 10 of 13**

operation of the Eagle Ridge Property and the Debtor's lack of access to this information. However, the only proof of insurance provided is a force placed hazard insurance by ANBT, which is insufficient proof of insurance. These delinquencies constitute cause for dismissal or conversion of this bankruptcy case under 11 U.S.C. § 1112(b)(4)(H). *See also* Local Bankr. R. 2010-1 ("[f]ailure to comply with the requirements of [UST] guidelines may constitute cause justifying the appointment of a trustee, or dismissal or conversion of the case pursuant to 11 U.S.C. § 1112(b)"). Cause exists to dismiss this case.

**No reasonable likelihood of reorganization**

43. The Court may dismiss a case for "substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of reorganization." 11 U.S.C. § 1112(b)(b)(4)(A). There appears to be no reasonable likelihood of reorganization in this case. The Debtor's assets are uninsured or under insured. Given these facts, there is no likelihood of reorganization and cause exists to dismiss this case.

**Dismissal with prejudice**

44. Dismissal with prejudice to refiling for 180 days is warranted in this case because the Debtor's principal has demonstrated a history of filing chapter 11 cases with inadequate insurance and of manipulating the bankruptcy process with multiple filings to thwart creditors' foreclosure attempts.

**Conversion not in best interests of creditors and the estates**

45. Given that the Debtor's assets are uninsured and represent a potential liability to the estate, conversion to chapter 7 would not be in the best interests of creditors or the estate.

**Retention of jurisdiction over fees**

46. A bankruptcy court may retain jurisdiction to consider the disgorgement of attorney fees

following dismissal of the underlying case. *In re Lang,* 642 B.R. 76, 83 (Bankr. M.D. Fla. 2022), citing *Cooter & Gell v. Hartmarx Corp.,* 496 U.S. 384, 395-96 (1990). Should it decide to dismiss this case, the Court should retain jurisdiction over Debtor's counsel's fees.

### Conclusion

Wherefore, the United States Trustee respectfully requests that the Court dismiss this case with prejudice to refiling for 180 days. The United States Trustee further requests any further proper relief.

DATED: January 15, 2026                   Respectfully submitted,

                                          LISA L. LAMBERT
                                          UNITED STATES TRUSTEE

                                          /s/ *Meredyth A. Kippes*
                                          Meredyth A. Kippes
                                          Trial Attorney
                                          Texas State Bar No. 24007882
                                          Office of the United States Trustee
                                          1100 Commerce Street, Room 976
                                          Dallas, Texas 75242
                                          (214) 767-8967
                                          meredyth.kippes@usdoj.gov

CERTIFICATE OF CONFERENCE

On January 15, 2026, I corresponded with Joyce Lindauer, attorney for the Debtor, who represented that the Debtor is opposed to dismissal of this case. On January 15, 2026, I also corresponded with Mark Winnubst, attorney for ANBT, who represented that ANBT is not opposed to dismissal of the case.

                                          /s/ *Meredyth A. Kippes*
                                          Meredyth A. Kippes

CERTIFICATE OF SERVICE

I certify that on January 15, 2026, copies of the foregoing document were served via ECF to parties receiving ECF notice and via first class United States mail to the parties listed below.

/s/  *Meredyth A. Kippes*
Meredyth A. Kippes

**Sloan Ventures LLC**
**3536 Rosedale Ave**
**Dallas, TX 75205**

**Joyce W. Lindauer**
**Joyce W. Lindauer Attorney, PLLC**
**117 S. Dallas Street**
**Ennis, TX 75119**

**Mark Douglas Winnubst**
**Sheils Winnubst PC**
**1100 Atrium II,1701 N. Collins Blvd.**
**Richardson, TX 75080**